IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. 5:14-cr-00007 |
| | ) | |
| v. | ) | |
| | ) | |
| CECIL IRE SHIFFLETT, JR., | ) | |
| | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

## MEMORANDUM OPINION

Cecil Ire Shifflett, Jr., a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 192, and a redundant motion to reduce sentence, ECF No. 185. The government filed a motion to dismiss, ECF No. 205, to which Shifflett responded, making this matter ripe for consideration. After review of the record, the court concludes that the government's motion to dismiss must be granted, and Shifflett's § 2255 motions must be dismissed.

I.

On February 6, 2014, a federal grand jury charged Shifflett in an eight-count indictment with various drug trafficking and firearm possession crimes. On July 30, 2014, Shifflett pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 ("Count One"), and to using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c) ("Count Three"). Plea Agree. at 2, ECF No. 72.

The Presentence Investigation Report ("PSR") recommended, for Count One, a total offense level of 31,[1] a criminal history category of III, and an imprisonment range of 135 to 168 months. PSR ¶ 88, ECF No. 148. For Count Three, the mandatory minimum term was five years of imprisonment, to be imposed consecutively to any other term of imprisonment. Id. ¶ 87.

On February 4, 2015, the court entered judgment and sentenced Shifflett to 36 months for Count One and 60 months for Count Six, to run consecutively, for a total of 96 months' imprisonment. Judgment at 1, ECF Nos. 144, 146. Shifflett did not file an appeal.

On June 13, 2016, Shifflett filed this § 2255 motion seeking a reduced sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) ("Johnson II").[2] The court appointed the Federal Public Defender's Office to represent Shifflett and provide supplemental briefing, if necessary, in light of Johnson II, pursuant to Standing Order 2015-5. ECF 186. The Federal Public Defender's Office declined to file any additional pleadings on Shifflett's behalf and moved to withdraw, a motion which the court granted. Notice at 1, ECF No. 196, 197.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

---

[1] The 2014 Guidelines Manual was used to determine the defendant's base offense level of 32. USSG § 2D1.1(c)(4). The total offense level includes a two level increase for reckless endangerment during flight, under USSG § 3C1.2, and a three level decrease for acceptance of responsibility. PSR ¶¶ 18-19, 23, 26-28, ECF No. 148.

[2] The court refers to the 2015 opinion as Johnson II, to differentiate it from an earlier opinion on a related subject, Johnson v. United States, 559 U.S. 133 (2010).

2

28 U.S.C. § 2255(a). Shifflett bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F. 2d 546, 547 (4th Cir. 1958).

### A. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. Upon conviction of a federal offense, a prisoner must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Shifflett did not file within one year of his final judgment, which was entered on February 4, 2015, and, thus, his claims are untimely under § 2255(f)(1). Nonetheless, Shifflett argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson II, which was issued on June 26, 2015. While the Supreme Court did announce a new rule of constitutional law in Johnson II that applies retroactively, Welch v. United States, 136 S. Ct. 1257, 1268 (2016), Johnson II does not extend to Shifflett's claims, as explained below.

### B. Johnson II Claim

3

Shifflet claims that his conviction for Count Three, using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), was invalidated by Johnson II. This claim is unavailing.

In Johnson II, the Court examined a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), providing for a mandatory fifteen year enhanced sentence and determined that certain language in the residual clause of § 924(e) was void for vagueness and, thus, constitutionally infirm.[3] 135 S. Ct. at 2563. Shifflett's sentence was not enhanced under § 924(e), much less its now invalidated residual clause, and Johnson II has no impact on his sentence.

Nor may Shifflett benefit from the argument that the definition of "crime of violence" in § 924(c)(3)(B) mirrors the definition of violent felony in § 924(e)(2)(B)(ii) found constitutionally deficient in Johnson II. That is because Shifflett's conviction in Count Three resulted from the use of a firearm in furtherance of the drug conspiracy to which he pleaded guilty in Count One. Accordingly, only the "drug trafficking crime" component of § 924(c)(1)(A) affected his sentence. The other type of crime referenced in the statute, "crime

---

[3] In Johnson II, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson II, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Court did not, however, strike down any other portion of the ACCA, including the remaining clauses of the violent felony definition and the definition of a serious drug offense. Other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony." Id.

of violence," was not at issue in Shifflett's conviction and sentence. Johnson II has never called into question convictions for drug offenses, but rather invalidated a part of the ACCA's definition of a "violent felony," which employed language similar to that used to define a "crime of violence."[4]

Thus, whether or not the definition of "crime of violence" set forth in § 924(c)(3)(B) passes constitutional muster in light of Johnson II is immaterial to Shifflett's claim.[5] Because his conviction for the use of a firearm accompanied a drug trafficking crime, Shifflett's reliance on Johnson II is misplaced. Accordingly, Shifflett's conviction under 924(c) is not subject to constitutional challenge pursuant to Johnson II, and his motion to vacate must be dismissed as untimely under § 2255(f)(3).

For the reasons stated, Shifflett's motion to reduce sentence, ECF No. 185, and motion to vacate, ECF No. 192, are **DENIED**, and the Government's motion to dismiss, ECF No. 205, is **GRANTED**. Because Shifflett has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

An appropriate Order will be entered.

Entered: 06-21-2017

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

---

[4] In § 924(c)(3)(B), "crime of violence" is defined, among other ways, as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This definition is similarly worded to the clause in another part of the ACCA, § 924(e)(2)(B)(ii), which the Supreme Court held to be unconstitutionally vague. Johnson II, 135 S. Ct. at 2563.

[5] The Supreme Court has granted a writ of certiorari in Lynch v. Dimaya, 15-1498, to determine whether the residual clause in 18 U.S.C. § 16(b), which includes the same wording as the residual clause in 18 U.S.C. § 924(c), is void for vagueness. However, as explained above, because the residual clause in 18 U.S.C. § 924(c) had no bearing on Shifflett's sentence, there is no need to hold this case in abeyance pending that Supreme Court decision.

5